IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-204-D

| | | |
|---|---|---|
| CEASAR ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KILO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On July 31, 2021, Magistrate Judge Robert T. Numbers, II issued a Memorandum and Recommendation ("M&R") [D.E. 24] and recommended that the court grant plaintiff's motion for judgment on the pleadings [D.E. 17], deny defendant's motion for judgment on the pleadings [D.E. 20], and remand the action to the Commissioner. On August 16, 2021, defendant objected to the M&R [D.E. 25]. On August 30, 2021, plaintiff responded [D.E. 26].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b)(1). Absent a timely "objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and the objections. As for those portions of the M&R to which parties made no objection, the court is satisfied that there is no clear error on the

face of the record.

The court has reviewed de novo the portions of the M&R to which defendant objected. The scope of judicial review of a final decision concerning disability benefits under the Social Security Act, 42 U.S.C. § 301 et seq., is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., 42 U.S.C. § 405(g); Shinaberry v. Saul, 952 F.3d 113, 120 (4th Cir. 2020); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted); see Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996); see Biestek, 139 S. Ct. at 1154; Shinaberry, 952 F.3d at 120. This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Shinaberry, 952 F.3d at 120; Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court examines whether the Commissioner analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Shinaberry, 952 F.3d at 120; Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Defendant's objections restate the arguments made to Judge Numbers concerning whether the Administrative Law Judge ("ALJ") properly considered the VA's disability rating and whether the ALJ erred in failing to exclude Roberts's use of a cane from the RFC. Compare [D.E. 21] 5–15, with [D.E. 25] 1–13. Defendant asks the court to reject the M&R and affirm the decision that plaintiff is not disabled. See [D.E. 25] 13.

2

Judge Numbers applied the proper legal standards and appropriately recommended a remand. See Woods v. Berryhill, 888 F.3d 686, 692–93 (4th Cir. 2018); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343–46 (4th Cir. 2012); M&R [D.E. 24] 3–4, 6–14. Accordingly, the court adopts the M&R and overrules the objections.

In sum, the court OVERRULES defendant's objections to the M&R [D.E. 25], ADOPTS the conclusions in the M&R [D.E. 24], GRANTS plaintiff's motion for judgment on the pleadings [D.E. 17], DENIES defendant's motion for judgment on the pleadings [D.E. 20], and REMANDS the action to the Commissioner for consideration consistent with this order.

SO ORDERED. This 7 day of September, 2021.

JAMES C. DEVER III
United States District Judge